IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID R. LUTES,
  Plaintiff,

vs.                3:09cv463/LAC/MD

PATHWAYS FOR CHANGE, INC. et al.
  Defendants.

## REPORT AND RECOMMENDATION

This case is before the court upon plaintiff's second amended civil rights complaint (doc. 11). Plaintiff is currently an inmate in the custody of the Florida Department of Corrections with a projected release date of January 24, 2014, but was in the Escambia County Jail at the time he filed his complaint.[1] Plaintiff asserts in his complaint that he is mentally disabled, and he wanted to be placed in the defendant program Pathways for Change so that he does not have to serve five years in prison. He asserts that the refusal of Pathways for Change to admit him is a violation of the Americans with Disabilities Act and asks that this court place him in Pathways for Change as he has that "right."

---

[1] The court's most recent order was returned as undeliverable. Plaintiff is admonished that it is his responsibility to promptly keep the court apprised of his current address, and that failure to do so could result in dismissal of his case. A notice of change of address received today by the clerk reflects that plaintiff is incarcerated at the Northwest Florida Reception Center. However, the court has independently verified through the Florida Department of Corrections website that plaintiff is currently housed at the Graceville Work Camp in Graceville, FLorida. See http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=19739004.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

The language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), and therefore dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). Upon review of plaintiff's complaint, the court concludes that plaintiff's claim is actually in the nature of habeas corpus, and therefore sua sponte dismissal

is warranted so he may pursue relief in the proper forum. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

As noted in a previous order, plaintiff was incarcerated at the Escambia County Jail beginning in January of 2009. He was sentenced to a term of five years imprisonment for a state court conviction for dealing in stolen property and petit theft, third or subsequent conviction.[2] The defendant organization Pathways for Change, Inc., according to its website, is "a jail-based addition (sic) treatment program dedicated to helping inmates realize and overcome the destructive behaviors, attitudes, and habits that prevent them from a life free from crime and incarceration." www.pathwaysforchange.org. It provides a sentencing option for criminal offenders that may be used by judges and attorneys as an alternative to traditional sentencing. The organization provides convicted offenders with a 12-month or 18-month treatment program in a faith-based therapeutic community, but is limited by funding to 25 participants at a time. Eligibility requires, among other things, a court order, a diagnosis as substance dependent, and passing security, mental health, and medical clearances.

Although plaintiff has been given previous opportunities to amend, the allegations of his complaint do not establish the elements of an ADA claim. In order to state a claim under 42 U.S.C. § 12132, Title II of the ADA, prisoners must show:

> (1) they are "qualified individuals" with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiffs were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiffs' disabilities.

*Henrietta D. v. Bloomberg,* 331 F.3d 261, 272 (2ND Cir. 2003) (citation omitted). Although plaintiff has alleged that he suffers from a disability, he has not alleged that he is "qualified" to participate in the PFC program, or that a "covered" entity

---

[2] See http://www.escambiaclerk.com/xml/xml.asp?ucase_id=70426005.

*Case No: 3:09cv463/LAC/MD*

discriminated against him. See *Cramer v. State of Florida*, 117 F.3d 1258, 1264 (11th Cir. 1997). Particularly, allegations of his qualification for the PFC are absent from the complaint, and the program requirements would suggest, contrary to plaintiff's representation, that not every inmate is automatically eligible, and there is certainly no "right" to participate. Additionally, plaintiff does not seek damages, but rather an alteration of his state court sentence. The Eleventh Circuit has stated that regardless of the label plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam). Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Therefore, this court does not have jurisdiction to provide the requested relief. Instead, his claim regarding his sentence should be pursued in the sentencing court.

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

The clerk of court is directed to forward a copy of this order to the plaintiff David Lutes, Inmate # P07712 at Graceville Work Camp, 5230 Ezell Road , Graceville, FL 32440-4289 and to amend the docket to reflect this address.

At Pensacola, Florida this 27th day of January, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

*Case No: 3:09cv463/LAC/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**